**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **JERMARIO TAYLOR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. 10-CV-2210** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION

Petitioner, Jermario Taylor, filed this Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) on September 15, 2010. The government filed its Response (#4) on October 14, 2010. Petitioner filed his Reply (#5) on November 1, 2010. For the reasons that follow, Petitioner's Petition (#1) is DENIED.

## BACKGROUND

The following background is taken from the Seventh Circuit Court of Appeals's opinion in United States v. Taylor, 596 F.3d 373 (7th Cir. 2010):

On May 5, 2007, special agents of the Kankakee Area Metropolitan Enforcement Group (KAMEG), a drug task force located in Kankakee County, Illinois, effected a traffic stop on Petitioner after they observed him driving his vehicle without wearing a safety belt, in violation of the Illinois traffic code. KAMEG Agent Dustin Brown proceeded to the driver's door of Petitioner's vehicle while KAMEG Agent Jeff Martin remained at the vehicle rear. Brown asked Petitioner for identification and requested he exit the vehicle. Brown also asked Petitioner if he had any weapons or illegal items on his person or in the vehicle, to which Petitioner replied in the negative. Brown asked Petitioner for consent to search the vehicle. Petitioner asked if he was required to consent and

Brown told him was not, but that agents would be walking around the exterior of the vehicle with a drug-sniffing dog. Petitioner then consented to a vehicle search. Martin circled the vehicle with the drug dog and the dog alerted to the presence of drugs on the driver's door handle. Martin opened the vehicle and the dog alerted to drugs under the driver's floormat. Martin found a plastic bag containing crack cocaine. Petitioner was placed under arrest. A subsequent search of Petitioner yielded a plastic bag containing crack and $300 in cash. At the station Petitioner was given a citation for failure to wear a seatbelt. Taylor, 596 F.3d at 375.

Petitioner filed a motion to suppress, which was denied by this court and subsequently plead guilty in an open plea where he reserved the right to challenge the denial of his motion to suppress. Petitioner was sentenced to 120 months imprisonment in the Federal Bureau of Prisons (BOP).

On appeal, Petitioner argued that the traffic stop was merely a pretext for the drug investigation. The Seventh Circuit agreed with Petitioner to a certain extent, writing "[t]aken as a whole, there is evidence that the officers were motivated in stopping Taylor by the desire to investigate a potential narcotics offense." Taylor, 596 F.3d at 376. The court, however, still found that no Fourth Amendment violation had occurred. First, the court found that the initial stop of Petitioner's vehicle was proper, as the agents' observation Petitioner was driving without his seatbelt provided probable cause to believe Petitioner was committing a traffic offense. Taylor, 596 F.3d at 376.

The Seventh Circuit, noted, however, that even if the traffic stop was proper, the Fourth Amendment could be violated if the manner of executing the seizure unreasonably infringed on Constitutionally protected interests. "'A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission.'" Taylor, 596 F.3d at 376, quoting United States v. Muriel, 418 F.3d 720, 725 (7th Cir. 2005). The court found that there was no evidence Petitioner's stop was

unreasonably prolonged. The officers "engaged immediately in the type of actions that are

necessary to process a traffic offense," such as requesting Petitioner's identification and asking

questions. While some of the questions were unrelated to the traffic offense, that did not transform

the stop into a seizure, as the U.S. Supreme Court has held that mere police questioning, even as to

an unrelated area, does itself constitute a seizure. Taylor, 596 F.3d at 376, citing Muehler v. Mena,

544 U.S. 93, 100-01 (2005). Petitioner acknowledged that he was detained for a fairly short amount

of time and that agents spoke with him only briefly before obtaining his consent to search the

vehicle. The court concluded that, since consent renders a subsequent search reasonable unless

given voluntarily, the relevant focus in determining whether the seizure was reasonable in duration

is the time between its initiation and the consent. Taylor, 596 F.3d at 376.

Petitioner next argued that the threat of the drug-sniffing dog impacted his consent, but the

Seventh Circuit rejected that argument, holding that the use of a drug-sniffing dog does not

constitute a search and thus in and of itself does not violate the Fourth Amendment. Taylor, 596

F.3d at 377. While it may impact the determination of whether a search is reasonable if the dog sniff

itself causes a delay, because the agents could properly use a dog to sniff around the vehicle, the

mere statement the agents would use a dog raised no constitutional problems. Taylor, 596 F.3d at

377.

Ultimately, the court distilled Petitioner's main argument to be that the traffic stop was a

pretext for a drug investigation, and that the primary objective is relevant in determining the

reasonableness of a search and seizure. The Seventh Circuit recognized that Petitioner's argument

has been rejected by the U.S. Supreme Court, which held that "a traffic violation arrest [text omitted]

would not be rendered invalid by the fact that it was 'a mere pretext for a narcotics search.'" Whren

v. United States, 517 U.S. 806, 813 (1996), quoting United States v. Robinson, 414 U.S. 218, 221

n.1 (1973). The Seventh Circuit noted it has previously upheld a seizure where the subjective basis

for the stop was unrelated to the traffic violation. Taylor, 596 F.3d at 377. The court concluded that "[u]nder current Supreme Court law, then, the subjective motivations of the agents are irrelevant to the Fourth Amendment analysis[]" and affirmed the denial of Petitioner's motion to suppress. Taylor, 596 F.3d at 378.

On September 15, 2010, Petitioner filed this Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). In the Petition (#1), Petitioner again argues that his Fourth Amendment rights were violated, in that the KAMEG agents used the seatbelt infraction "as a foot-in-the-door for investigation" and that they did not have reasonable suspicion and "lacked authority under the law" to use the drug-sniffing dog. Petitioner also presents a new argument that his sentence should be set aside because of the crack/powder cocaine disparity addressed by the Fair Sentencing Act of 2010. The government's Response (#4), filed on October 14, 2010, argues that Petitioner's Petition (#1) is meritless and, regardless, must be denied for procedural reasons that prevent addressing the merits.

ANALYSIS

Petitioner's Fourth Amendment Claims

The government argues that Petitioner's Fourth Amendment claim is not cognizable on collateral review as long as Petitioner had a full and fair opportunity to litigate the matter on direct and, even if it were cognizable, the claim has already been decided by the Seventh Circuit and cannot be re-litigated on collateral review. This court agrees with the government.

"A § 2255 motion is 'neither a recapitulation of nor a substitute for direct appeal' and issues raised on direct appeal may not be considered on a § 2255 motion absent changed circumstances. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007), quoting McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Here, there is no question that Petitioner's Fourth Amendment claim was raised, fully litigated, and decided by the Seventh Circuit in United States v. Taylor, 596

F.3d 373 (7th Cir. 2010), as discussed in detail above. § 2255 does not require this court to second-guess itself or the Seventh Circuit. Accordingly, Petitioner's Petition (#1) is denied on this claim and the court need not address the claim on the merits or cognizability.

Petitioner's Fair Sentencing Act of 2010 Claim

The government next argues that Petitioner's sentencing claim is procedurally defaulted because he did not raise the issue on direct review. However, we need not reach that issue as Petitioner's claim is without merit.

Petitioner argues his statutory mandatory minimum sentence of ten years for "is ridiculous and cannot be deemed constitutional." Petitioner argues that the applicable range for his sentence under the old Sentencing Guidelines crack/powder cocaine ratio of "100:1" would have been 57-71 months "which is still too high." Under the new Sentencing Guidelines, an 18:1 ratio his sentence would be 41-51 months. Petitioner argues "the sentence Taylor received was 69 months over what has been deemed fair or reasonable today" and cites to the Fair Sentencing Act of 2010 (FSA) as support since the Act requires 25 grams to trigger a mandatory minimum.

First, the court notes that Petitioner was sentenced based on a statutory mandatory minimum. Second, and most fatal to Petitioner's argument, the Seventh Circuit has recently held that the Fair Sentencing Act of 2010 does not apply retroactively to crimes committed before its enactment date of August 3, 2010. United States v. Fisher, 635 F.3d 336, 340 (7th Cir. 2011) ("we reaffirm our finding that the FSA does not apply retroactively, and further find that the relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of the sentencing."). Here, Petitioner's relevant conduct occurred in 2007, long before the FSA enactment date of August 3, 2010. The FSA does not apply to Petitioner. His argument for a sentence reduction must be denied.

Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases in the United States District Courts, this court declines to issue a Certificate of Appealability. Petitioner has not made substantial showing of the denial of a constitutional right as he has not shown that jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED:

(1) Petitioner's Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) A Certificate of Appealability is DENIED.

(3) This case is terminated.

ENTERED this 18th day of May, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE